IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN JAMES CERVANTES,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, Official Capacity Only; NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS), Official Capacity Only; NEBRASKA STATE PROBATION, Official Capacity Only; YOUTH REHABILITATION AND TREATMENT CENTER (YRTC), Official Capacity Only; KEARNEY POLICE DEPARTMENT (KPD), Official Capacity Only - Monell Liability; BUFFALO COUNTY ATTORNEY'S OFFICE, Official Capacity Only - Monell Liability; JOHN DOE OFFICIALS 1-10, Individual Capacities; and JOHN DOE STATE OFFICIALS, Official Capacity Only - Prospective Injunctive Relief;<br><br>Defendants. | **8:26CV485**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's three motions seeking leave to file a Third Amended Complaint, Filing No. 10, a Fourth Amended Complaint, Filing No. 11, and a Fifth Amended Complaint, Filing No. 16. Also before the Court are what the Court construes as Plaintiff's two motions for summons. Filing Nos. 4 & 18. As explained below, the Court will grant Plaintiff's motion for leave to file the Fifth Amended Complaint, will deny the other two motions for leave to amend as moot, and will deny his motions for summons as premature.

## I. MOTIONS FOR LEAVE TO AMEND

Plaintiff filed his initial Complaint, Filing No. 1, on August 31, 2026, followed shortly thereafter by his First Amended Complaint, Filing No. 7, on September 1, 2026. The Court granted Plaintiff leave to proceed in forma pauperis and advised him that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), which the Court will conduct in its normal course of business. Filing No. 8. Plaintiff filed a Second Amended Complaint, Filing No. 9, on September 4, 2026, and then proceeded to file his motions seeking leave to file his Third, Fourth, and Fifth Amended Complaints on September 9, September 15, and September 29, 2026, respectively. Filing Nos. 10, 11, & 16. As relevant here, Plaintiff's motion for leave to file his Fifth Amended Complaint attached a signed copy of his proposed Fifth Amended Complaint, Filing No. 16 at 5–35, and an Index of Exhibits, *Id*. at 36–110. The proposed Fifth Amended Complaint states that it "supersedes and replaces the Fourth Amended Complaint . . . in its entirety." *Id*. at 5.

Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, this Court may freely grant Plaintiff leave to amend his Complaint at this early stage of the proceedings. Nebraska Civil Rule 15.1 further provides that "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the

Court may consider an amended pleading as supplemental to the original pleading unless the pleading states that it supersedes the prior pleading. NECivR 15.1(b).

Here, Plaintiff clearly intended his proposed Fifth Amended Complaint to supersede all of his prior pleadings and proposed amended pleadings. Accordingly, upon consideration, the Court will grant Plaintiff's motion for leave to file the Fifth Amended Complaint, Filing No. 16, will consider the attached Fifth Amended Complaint as the operative pleading, and will deny Plaintiff's motions for leave to file his Third and Fourth Amended Complaints, Filing Nos. 10 & 11, as moot. In the interests of justice, the Court will forgo the requirement in NECivR 15.1(c) that Plaintiff file the Fifth Amended Complaint after the granting of his motion to amend and will direct the Clerk of Court to update the docket text of Filing No. 16 to reflect that pages 5–110 of Filing No. 16 constitute the Fifth Amended Complaint. *See* NEGenR 1.1(c) ("[I]n the interests of justice a judge may deviate from this court's rules or procedures.").

Plaintiff is advised that any future motion for leave to file an amended complaint must comply with both Rule 15 of the Federal Rules of Civil Procedure and Nebraska Civil Rule 15.1, including the requirement that Plaintiff attach an *unsigned*, complete proposed amended pleading that Plaintiff will be required to sign and file separately if the Court grants his motion for leave to amend.

## II. MOTIONS FOR SUMMONS

With both his initial Complaint and his Fifth Amended Complaint, Plaintiff submitted form summonses for each of the defendants, which the Court construes as motions for issuance of summons. Filing Nos. 4 & 18. This matter may not proceed to service of process at this time. Because Plaintiff is proceeding in forma pauperis, the

Court is required to review Plaintiff's Fifth Amended Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This matter may not proceed to service of process unless so ordered by the Court after conducting this initial review. Accordingly, the Court will deny Plaintiff's motions for summons as premature.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for leave to file his Fifth Amended Complaint, Filing No. 16, is granted. The Clerk of Court is directed to amend the docket text for Filing No. 16 to read: "PLAINTIFF'S MOTION for Leave to file Fifth Amended Complaint and FIFTH AMENDED COMPLAINT at pages 5–110 on behalf of Plaintiff John James Cervantes."

2. Plaintiff's motions for leave to file his Third and Fourth Amended Complaints, Filing No. 10; Filing No. 11, are denied as moot.

3. Plaintiff is advised that any future motion for leave to file an amended complaint must comply with both Rule 15 of the Federal Rules of Civil Procedure and Nebraska Civil Rule 15.1.

4. Plaintiff's motions for summons, Filing No. 4; Filing No. 18, are denied without prejudice to reassertion as premature.

5. Plaintiff is further advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is

appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 6th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge